COHEN, J.
 

 Appellant, John R. Evans, challenges the order of the Unemployment Appeals Commission disqualifying him from receipt of benefits. We reverse.
 

 Evans was employed by Owen Electric Company, Inc. (“Owen”), from April 21, 2005, through September 14, 2007. An initial Notice of Determination found Evans was entitled to unemployment compensation benefits because his separation from Owen was based upon “dissatisfaction with the work schedule which was contrary to the agreement of hire.” Owen filed a timely appeal from the initial determination, and an evidentiary hearing was held on October 16, 2008, before an appeals referee. The primary issue to be resolved was whether Evans left work without good cause. Evans and Owen offered conflicting evidence as to the conditions of his employment. Specifically, Evans contended that he was promised fifty hours of work per week and a per diem payment at a job assignment in Key West and that he would not have accepted the assignment unless he received the extra hours. There was also a dispute about the amount of the per diem payments and whether they included weekends.
 

 At the initial hearing, Evans submitted documentation consisting of pay stubs reflecting a fifty-hour work week on the Key West job, documents he claimed to have sent to Owen two days before the hearing. The referee allowed their admission into evidence. Evans testified that after working fifty hours the first week, he was told he could only work a fifty-hour week if he agreed to a nine percent reduction in salary. Evans testified that he requested a new job assignment because he felt that the conditions of the job in Key West were contrary to the parties’ agreement. Evans was called to a meeting to discuss the dispute, but was denied a new job assignment. Evans testified that he was discharged during that meeting.
 

 Owen maintained the job always consisted of a forty-hour work week. When asked to explain the pay stub reflecting a fifty-hour work week, one of Owen’s witnesses could offer no explanation, saying the job was always a forty-hour per week job. Owen denied terminating Evans and testified that Evans quit when he stormed out of the meeting and refused to return to Key West, where it had work available for him.
 

 The appeals referee accepted Owen’s version of the facts, finding Evans voluntarily left employment and that there was no evidence indicating it violated any of the terms of Evans’ employment. The appeals referee disqualified Evans from receipt of benefits and ordered repayment of benefits received.
 

 Evans filed a timely appeal with the Unemployment Appeals Commission, which conducted a
 
 de novo
 
 review of the evidentiary hearing pursuant to section 443.151(4)(c), Florida Statutes (2008), and
 
 *932
 
 vacated the appeals referee’s decision. The Commission found the appeals referee had not resolved material conflicts in the evidence that were determinative of the outcome of the case, contrary to Florida Administrative Code Rule 60BB-5.025(3)(d), and erred in admitting pay stubs Evans proffered. It remanded the case with instructions to authenticate the documents submitted and to render a new decision with specific findings of fact.
 

 A subsequent hearing was held on April 30, 2009. Although the appeals referee at first seemed to focus only on the issue of the authenticity of the documents Evans submitted, she also allowed Evans to present testimony from two former employees. That testimony confirmed Evans’ claim that overtime was promised. Evans also produced an internal company memorandum confirming his earlier testimony that overtime would be paid only if the employees accepted a nine percent decrease in pay.
 

 In addition, certain aspects of Owen’s testimony were inconsistent with its prior testimony. Owen testified in the October 16 hearing that overtime was never available at the job in Key West. In the subsequent hearing, however, Owen testified that the employees were working overtime in Key West, but that overtime was no longer warranted when Evans started. This assertion was refuted by Evans’ pay stub showing he did, in fact, work overtime the first week in Key West. Further, Owen testified that Evans would have been reassigned to a different job had he not voluntarily left the meeting. This was contrary to its previous testimony reflecting that no other work opportunities were available to Evans until he completed the Key West assignment, and that Evans quit after refusing to return there.
 

 While we recognize that the appeals referee is free to weigh the evidence and judge credibility,
 
 see Benson v. Unemployment Appeals Commission,
 
 927 So.2d 49, 51 (Fla. 5th DCA 2006), we find the appeals referee’s resolution of conflicting evidence was unsupported by competent, substantial evidence.
 

 REVERSED AND REMANDED.
 

 GRIFFIN, and ORFINGER, JJ., concur.